UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN MARTIN,<br><br>                Petitioner,<br><br>     vs.<br><br>GEORGE B. ALEXANDER,[1] Chairman<br>New York State Division of Parole,<br><br>                Respondent. | No. 9:06-cv-00826-JKS<br><br>MEMORANDUM DECISION |

      Petitioner Kevin Martin, appearing *pro se*, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently in the custody of the New York State Department of Correctional Services incarcerated at the Fishkill State Correctional Facility. Petitioner is serving concurrent sentences of from 10 to 20 years, 5 to 10 years, and 3½ to 7 years under a judgment entered on May 27, 1986, in Westchester County, New York, convicting him of one count of Rape in the First Degree (N.Y. Pen. Law § 130.35), one count of Burglary in the Second Degree (N.Y. Pen. Law § 140.25) and one count of Assault in the Second Degree (N.Y. Pen. Law § 120.05), respectively. Prior to his maximum release date Petitioner was released on parole in December 1998. In January 1999, some 42 days after his release on parole, Petitioner was arrested on a drug charge. As a consequence, his parole was revoked and he was returned to prison to continue serving time on the rape-burglary-assault conviction. Petitioner was also convicted on March 9, 2000, in Westchester County on a guilty plea, of Attempted Criminal Possession of a Controlled Substance in the Fifth Degree (N.Y. Pen. Law §§ 110.00, 220.06) and was sentenced to an indeterminate prison term of from 1½ to 3 years.[2] Respondent has filed an answer and Petitioner has filed his traverse.

---

    [1] George B. Alexander is substituted for Robert Dennison as Chairman of the New York State Division of Parole. Fed. R. Civ. P. 17(d).

    [2] It appears from the record that Petitioner has completed serving this sentence and his current incarceration is under the May 1986 rape-burglary-assault conviction. The Court also notes that the petition refers solely to the March 2000 conviction omitting any reference to the May 1986 rape-burglary-assault conviction for which his maximum expiration date is August 30, 2009.

Petitioner was denied parole in 2001, 2003 and 2005.  In this petition Petitioner challenges the denial of his 2003 request for release on parole.  Petitioner appealed the Board's determination to the Appeals Unit.[3]  In December 2003 Petitioner, proceeding *pro se*, filed a petition under Article 78 of New York Civil Practice Law and Rule in the Franklin County Supreme Court, which denied his petition in a written decision on June 28, 2004.  Petitioner appealed the denial of his Article 78 petition to the New York Supreme Court, Appellate Division, which affirmed the Franklin County denial in a written decision on April 21, 2005, and the New York Court of Appeals denied leave to appeal on July 6, 2005.  *Martin v. Travis*, 793 N.Y.S.2d 301 (N.Y.A.D.), *lv. denied Martin v. Travis*, 835 N.E.2d 661 (N.Y. 2005).  Petitioner timely filed his petition in this Court on July 5, 2006.[4]  Respondent concedes that Petitioner has exhausted all issues presented in his petition.

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the New York Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).  In applying this standard, this Court reviews the last reasoned decision by the state court, *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000), which in this case was that of the New York Appellate Division, Third Department, affirming denial of  his Article 78 petition by the Franklin County Supreme Court.  In addition, the state court's findings of fact are presumed to be correct

---

[3] Petitioner alleges that the Appeals Unit did not act upon Petitioner's appeal and Respondent acknowledges that there is no record that it did so.  Accordingly, for the purposes of this decision, the Court will assume that the Appeals Unit did not act upon Petitioner's appeal.

[4] Respondent contends that the petition is untimely.  However, Respondent erroneously states that the petition was filed on July 30, 2006, not the July 5, 2006, date stamped on the petition by the Clerk of the Court.

unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

If a federal claim has not been adjudicated on the merits, AEDPA deference is not required. *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003). In that situation, conclusions of law and mixed questions of fact and conclusions of law are reviewed *de novo*. *DeBerry v. Portuondo*, 403 F.3d 57, 67 (2d Cir. 2005). Where there is no reasoned decision of the state court addressing the ground or grounds raised by the Petitioner on the merits and no independent state grounds existing for not addressing those grounds, this court must decide the issues *de novo* on the record before it. *See Spears v. Greiner*, 459 F.3d 200, 203-04 (2d Cir. 2006) (applying the *Strickland* standards).

To the extent that Petitioner alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief. This Court may only address violations of federal law. 28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (Citations and internal quotation marks omitted). It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). It is also presumed that the state court knew and correctly applied state law. *See Walton v. Arizona,* 497 U.S. 639, 653 (1990) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

Petitioner raises four grounds in his petition: (1) the Board's decision was arbitrary and capricious because it failed to consider what he contends were the sentencing court's recommendations; (2) the Board failed to consider the statutory factors; (3) the Board placed undue emphasis on his crime; and (4) the Appellate Division's denial of petitioner's appeal was improper, and disregarded the statutory factors as well as the fact that petitioner had an Earned Eligibility Certificate.

The Board, in denying parole held:

> Parole denied 24 months. Next appearance June, 2005. Parole denied. Upon personal interview, record review and due deliberation, this Panel concludes that if released at this time there is a reasonable probability that you would not live

and remain at liberty without violating the law and that your release would be incompatible with the safety and welfare of the community.  Your receipt of an Earned Eligibility Certificate and satisfactory program completion are duly noted, however, your release at this time is not warranted due to the following:  You committed the instant offense within 45 days of your release from prison for a previous rape conviction.  Your criminal history dates back to the 70's and includes two previous felonies, as well as multiple misdemeanors. You have had a long-standing problem with substance abuse, which appears to be a root cause of much of your problems with the criminal justice system.  You voluntarily transferred out of the Merle Cooper program, prior to completion.  Your motivation to seriously address your substance abuse appears to be suspect.  Having considered all relevant factors, you do not present as an appropriate risk to community release at this time.  He is above the guidelines.  History of drug abuse.  Continuous involvement with the criminal justice system.  Negative response to past correctional influences.  All Commissioners concur.

In affirming denial of Petitioner's Article 78 petition in the Franklin County Supreme Court, the Appellate Division held:

> We are unpersuaded by petitioner's contention that the Board failed to consider all relevant statutory factors in denying his request for parole release and placed undue emphasis on the instant offense.  Although the Board is required to consider all factors set forth in Executive Law § 259-i(2)(c) in reviewing a request for parole release, it is not required to give equal weight to or specifically discuss all factors it considered in making its determination (*see Matter of Little v. Travis,* 15 A.D.3d 698, 788 N.Y.S.2d 628 [2005]; *Matter of Larmon v. Travis,* 14 A.D.3d 960, 787 N.Y.S.2d 918 [2005]).  Here, a review of the Board's determination and the parole release interview establishes that the Board considered petitioner's positive achievements while incarcerated, his participation in various institutional programs and his plans upon release.  The Board, nevertheless, determined that these positive achievements were outweighed by the instant offense, petitioner's criminal history, insincere efforts to address his substance abuse and the fact that the instant offense was committed less than two months after petitioner was released on parole from a sentence of 10 to 20 years.  Inasmuch as the record establishes that the determination resulted from an exercise of the Board's discretion upon consideration of all relevant statutory factors and there is no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v. Travis,* 95 N.Y.2d 470, 476, 718 N.Y.S.2d 704, 741 N.E.2d 501 [2000], quoting *Matter of Russo v. New York State Bd. of Parole,* 50 N.Y.2d 69, 77, 427 N.Y.S.2d 982, 405 N.E.2d 225 [1980]), the determination is not subject to further judicial review (*see* Executive Law § 259-i[5]; *Matter of Moore v. Travis,* 8 A.D.3d 717, 718, 777 N.Y.S.2d 778 [2004]).  Petitioner's remaining contentions, including that the Board should have considered the recommendation of the sentencing court, have been reviewed and found to be without merit.

The initial hurdle that Petitioner must overcome is that relief in this Court must be based upon federal, not state, law grounds. Petitioner's second, third, and fourth grounds clearly involve solely the proper interpretation and application of New York law; the review of which is, as noted above, beyond the purview of this Court in a federal habeas proceeding.

In his first ground, Petitioner asserts that in failing to consider the recommendations of the sentencing judge the Board's decision was arbitrary and capricious, violating due process. The Court agrees that "irrational, arbitrary or capricious" decisions that deprive a person of liberty may violate due process. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). However, as Petitioner acknowledges, there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The fatal flaw in Petitioner's argument is that, under controlling Second Circuit precedent, New York's parole scheme does not create a liberty interest protected by the Due Process Clause. *See Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001); *see also Davis v. Dennison*, 219 Fed.Appx. 68, 70 (2d Cir. 2007).

Even if the Court were to reach the merits, Petitioner would not prevail. The New York scheme provides for a review of the inmate's file, a personal interview by the Board, and a statement of its reasons for denying parole.[5] This meets the requirements of due process. *See Greenholtz*, 442 U.S. at 15.

Petitioner not being entitled to relief on any of the grounds raised in his petition,

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks omitted)). To the extent the issues raised in the petition were addressed by the New York Appellate Division, Third Department, in its decision no reasonable jurist could find that the decision was "objectively unreasonable."

---

[5] N.Y. Exec. Law §§ 259-i; 9 N.Y. Comp. Codes & Regs. § 8002.3.

The Clerk of the Court to enter final judgment accordingly.

Dated: February 28, 2008.

                                                          s/ James K. Singleton, Jr.
                                                          JAMES K. SINGLETON, JR.
                                                          United States District Judge